Totten, J.,
delivered the opinion of the court.
This action is ejectment in the circuit court of McMinn, for a quarter section of land. The judgment was for plaintiff, and defendant has appealed in error to this court.
On the trial the plaintiff’s lessor exhibited in evidence, a grant from the State for the land in question, and a deed from the grantee to himself, dated 3d November, 1831.
The defendant produced in evidence a deed, dated 14th January, 1840, from four of the children, and heirs at law of Richard A. Bryant, deceased, for their undivided interest as heirs, in the land in question. About 1832, said Richard A. Bryant went into possession, and remained in possession till his death. His widow and children continued in possession *139 until 1840, when they surrendered it to defendant, and part of them conveyed to him their interest by deed in fee.
Richard A. Bryant claimed title to the land in his own right, in virtue of a purchase from said Joseph Roberson, and there is proof tending to show that he held by deed, or some assurance of title which has been lost. The defendant held possession in person, or by his tenants, from the date of his purchase in 1840, until the institution of this suit. The Bry-ants and defendant, claimed and held the quarter section, except about forty acres in its northwest corner, which Joseph Roberson conveyed on the 16th February, 1842, to William O. Barrett. Barrett went into possession of this forty acres, and held it until about March, 1850, when he reconveyed it to said Roberson.
Upon this state of facts, we think it very probable that the plaintiff had no right to recover. Conceding that it does not sufficiently appear in the proof now before us, that Richard A. Bryant held under a deed or other written muniment of title, yet it is certain that he, and his children after his death, held the land adversely, and claimed it as their own. In 1840, as we have seen, they gave the possession to defendant, and some of them conveyed to him, by deed in fee, their undivided interest in the land. His seisin was, therefore, in his own right, to the extent of his interest acquired by said purchase, and as tenant in common with the other heirs of said Bryant, deceased. He held an undivided interest in the entire tract of land, and his possession under the deed was co-extensive with that interest. It is true, that his deed was for only part of the land, and the other heirs of Bryant, who had not conveyed to him, had no deed or other writing defining the limits of their claim. But the possession of defendant being for himself and his co-tenants, claiming under the same title, must be considered as extending to the entire tract, to the ex- *140 elusion of any constructive possession, which the plaintiff might have under his deed.
For, although the defendant’s interest was for part only, yet, being undivided, it extended to every part; and his actual possession must have the effect to exclude the plaintiff’s adversary constructive possession.
Barrett’s possession did not at all conflict with that of the defendant, as it was confined and limited to the forty acres conveyed by the plaintiff to him. Nor can Barrett’s possession of forty acres, part of the one hundred and sixty, give to his vendor, a constructive possession of the balance of the tract, because the vendee held for himself, in his own right, and to the extent only of the limits defined in his deed.
2d. But the plaintiff has right to the forty acres, part of the quarter section, which for a time, belonged to Barrett; and this is conceded by the defendant, who claims, as we have seen, the balance of the quarter. The action was instituted, as appears by the pleadings, for the entire interest claimed by defendant, and his tenants in common, and we have seen, that for this purpose, it cannot be maintained.
But it is now said, that defendant has enclosed within the time of limitation, some acre or two of land properly belonging to the forty acre tract, and had it in possession at the commencement of this suit.
Upon this question of boundary, we have "carefully considered the facts, and we are strongly inclined to think, that the defendant’s enclosure does not extend over any part of the forty acre tract.
It seems that said Roberson and Bryant agreed where the line of the forty acres should be run, so as to lay it off from the balance of the quarter section. It was to run, it is said, from a stump on the meridian line, to the top of a ridge, and then along the ridge, &c.; but the line was not in fact run as marked. Afterwards, in 1846, when Barrett owned the land, *141 he caused this line to be ran by Justice Steed, a surveyor, who states that he was employed to run the line agreed upon by Roberson and Bryant. That Roberson, Barrett and one Plum-lee, who was the tenant of the' defendant, were present when the line was run and marked, and seemed satisfied with it. Plumlee then moved his fence out, to within forty yards of the marked line, and it was recognised as the true line while Barrett owned the forty acres. ■ The plaintiff now claims that the marked line is not the true line, as agreed upon by him and Bryant, and that defendant’s fence, as located by Plum-lee, includes a part of the forty acre tract.
We observe, in the first place, that the line agreed on, was not ran and marked, and its calls are very indefinite. It was competent for Barrett, the owner of the land, to run and mark the line where it was agreed it should be run, and in conformity to the calls of his deed. Pie had the right, and it concerned his interest, to have his boundaries marked and defined. Roberson was present to show where the line was to be run, as agreed upon between him and Bryant. It is run in reasonable conformity to the calls, and is very near the boundary which Roberson now claims to be the true one. It does not appear, that there was any mistake or misapprehension as to where the line should be ran; but it was traced and marked with a full knowledge that it had been agreed upon by Roberson and Bryant. Under these circumstances, we are to presume, as against the person who marked it, that it was correctly run and marked where it was originally intended to be.
The presumption may, however, be removed by proof of a mistake, and that the line as marked, varied materially from the true line intended to be run. The defendant, it seems, by his acts at least, has assented to the line as marked, and has taken possession in reference to it. We do not say, that in strictness, the case is one of estoppel, or agreement as to *142 boundaries; it may very possibly not be so. If a person in marking his boundaries for himself, make a material mistake, he should not be bound by it, but be allowed to correct it. The owner of the adjoining land is not bound by such marking unless he agree to it.
But in the present case, we think the facts tend strongly to the conclusion, that the line is correctly marked where it was originally intended to be. It is not a case where mathematical precision could be required, for the calls of the line agreed upon are vague and indefinite.
We think, therefore, that a new trial should have been granted. The judgment will be reversed, and the cause remanded for that purpose.